
**FILED**
1/16/2020 BG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT


**RECEIVED** DJ
12/11/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Mr. Fredrick Goings, M36022
Plaintiff

Judge Marvin E. Aspen
Magistrate Judge Mary M. Rowland

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Patrick Jones, Henry Wimp,
Craig Gunder, John Baldwin
Defendants

Case No: **1:19-CV-04745**
(To be supplied by the Clerk of this Court)

SCANNED at PCC and E-Mailed
12/11/19 (date) by HZ (initials)
28 (# of pages)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:          **AMENDED COMPLAINT**

✓         **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
           U.S. Code (state, county, or municipal defendants)

_____    **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
           **28 SECTION 1331 U.S. Code** (federal defendants)

_____    **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

This complaint complies with Federal Rule of Civil Procedure 8(a),
Rule 8(a) requires only "a short and plain statement of the claim showing
that the pleader is entitled to relief."

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

001

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

A. Name: Fredrick Goings

B. List all aliases: N/A

C. Prisoner identification number: M36022

D. Place of present confinement: Pontiac Correctional Center

E. Address: P.O. Box 99    Pontiac, IL 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: John Baldwin

Title: Director

Place of Employment: Illinois Department of Corrections

B. Defendant: Patrick Jones

Title: Correctional Officer

Place of Employment: Stateville Correctional Center

C. Defendant: Henry Wimp

Title: Correctional Officer

Place of Employment: Stateville Correctional Center

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

D. Defendant: Craig Gunder

Title: Correctional Officer

Place of Employment: Stateville Correctional Center

## Jurisdiction & Venue

This is a Civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of State law of rights secured by the Constitution of the United States.

The Northern District of Illinois is an appropriate venue under 28 U.S.C. § 1391 (b)(2) because it is where the events giving rise to this lawsuit and claims arose or where minimum contact which satisfies due process occured.

All State Law Violations contained herein are brought Pursuant to 28 U.S.C. § 1367.

III.     List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.  Name of case and docket number: Goings v. Baldwin, et al.,
16-CV-00489-SMY-RJD

B.  Approximate date of filing lawsuit: May 2, 2016

C.  List all plaintiffs (if you had co-plaintiffs), including any aliases:
Fredrick Goings

D.  List all defendants: Dr. Mia Gahoto, Brandon Anthony, Keith Benefield,
Erin Carter, Kimberly Butler, Andrew Dillingham, Jeanette Hecht,
Michael Hoff, Tracy Lee, Lance Phelps, Aaron Runge, Andrew Spiler,
Josh Schoenbeck, Sherry Benton

E.  Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Southern District Court East St. Louis Division

F.  Name of judge to whom case was assigned: U.S. District Judge Staci M. Yandle
U.S. Magistrate Judge Reona J. Daly

G.  Basic claim made: 8th Amendment failure to protect, defamation 1st Amendment-
Retaliation, Intentional Infliction of Emotional Distress, 8th Amendment-
deliberate indifference towards medical needs, et al.

H.  Disposition of this case (for example: Was the case dismissed? Was it appealed?
Is it still pending?): Pending motions. Case was dismissed on 8-16-19,
Order denying relief pursuant to 59(e) entered on 9/26/19,
Notice of Appeal was filed

I.  Approximate date of disposition: _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

See Attachment titled lawsuits for additional lawsuits included herein
and made a part hereof.

Revised 9/2007

# LAWSUITS

A. Goings v. Eovaldi, et al., 16-CV-00833-NJR-GCS

B. July 22, 2016

C. Fredrick Goings

D. James Best, Charles Compton, Reva Engelage, Frank Eovaldi, Justin Hecht, Anthony Jones, Martha Oakley, Brenda Oetjen, Christi Rayburn, Jeanne Sauerhage, Toya Smith, Andrew Spiller, Rebecca Stefani, Christopher Storey

E. Southern District Court East St. Louis Division

F. Nancy J. Rosenstengel, United States District Judge
Gilbert C. Sison, Magistrate Judge

G. 8th Amendment deliberate indifference for deprivation of medication for chronic condition, 8th Amendment deliberate indifference claim for refusing medical care, 8th Amendment excessive force, 4th Amendment unreasonable and excessive strip searches, State law battery against Correctional Lt. Eovaldi, for Lt. Eovaldi grabbing Plaintiff by the neck and shoving Plaintiff's face into a brickwall.

H. Pending

# LAWSUITS

A. Goings v. Baldwin, et al., 19-CV-00212-SMY

B. February 15, 2019

C. Fredrick Goings

D. John Baldwin, Kent E. Brookman, C/O Crabtree, Major Page, Michael M. Keys, Kimberly S. Butler, Major Frank Eovaldi, Yvette Baker, Jason N. Hart, C/O Bridges, Major Childers, Major Monte, N. Ward, Michael P. Melvin, Melissa Phoenix, Wexford Health Sources, Inc., Sherry Benton, Menard Placement Officer, Pontiac Placement Officer, Unknown Pontiac-Internal Affairs Officer, Unknown Menard Internal Affairs Officer, Menard Medical Director, Pontiac Medical Director

E. Southern District Court East St. Louis Division

F. U.S. District Judge Staci M. Yandle

G. Due process violation in connection with Adjustment Committee hearing, Year long stay in segregation, Battery claim, PREA related Assault and Battery, defamation, IIED, Deliberate indifference, Civil Conspiracy, Spoilage of evidence.

H. Pending

# LAWSUITS

A. Goings v. Jones, Campbell, Witthoft, et al., 19-CV-00888-SMY

B. 2019

C. Fredrick Goings

D. Sgt. Anthony Jones, Aaron J. Campbell, Jerry L. Witthoft, CIO Wine, John Baldwin, CIO Powell, CIO Dumstoreff, CIO Caraway, Rob Jeffreys, CIO Brumelove, Nurse M. Moldenhauer, CIO Engelage, Marixon T. Ampier, Joshua A. Schoenbeck, Frank Lawrence, Major Hughes, CIO White, CIO Scanlan, Reva Engelage, Ramsey, Counselor Hood, CIO Goetz, CIO Engelage, Warden Lashbrook, DOES 1-15, Unknown IA Officer, Unknown IA Sgt., Mary Wilson

E. Southern District Court of Illinois

F. District Court Judge Staci M. Yandle

G. Harassment, First Amendment Retaliation, Deliberate indifference, Assault and Battery, Excessive Force, 4th Amendment Strip search, defamation, due process, Civil Conspiracy, Campaign of harassment, Intentional Infliction of Emotional Distress

H. Pending

8

# LAW SUITS

A. Goings v. Baldwin, et al., 18-CV-7218

B. **2018**

C. Fredrick Goings

D. John Baldwin, Patrick Jones, Henry Wimp, Lt. Lang, Juanita Jamison, Assistant Warden Williams, Randy P Fister, CIO Johnson, CIO McKnight, CIO Allen, Sgt. Fox, Sgt. Warr, Ambrosio Vegara, Assistant Warden Lamb, Ms Rabideau, Major Lake, CIO Peters, Mr. Les, Mr. Scott, CIO Abott, CIO Garcia, CIO Gray, Lt. Cross, Sgt. Edwards, Sgt. Pork, Sgt. Hamilton, Lt. Sykes, Lt. Warden, Lt. Best, Sgt. Botan, Lt. Brown, CIO Bubash, Lt. Miller, Rosa, Lt. Jacob, CIO Gunder, CIO Machowiak, CIO Kozial, CIO Gurroya, Ms. Marks, CIO Clay, Warden Nicholson, Dr. O'Kedzie, CIO Sexton, CIO Moreno, CIO Hester, DOES 1-10

E. Northern District Court

F. Judge Marvin E. Aspen

G. State law Assault and Battery, Excessive Force, Deliberate indifference defamation, State Law Theft, Harassment, Due Process Claim, Civil Conspiracy, Campaign of harassment, State Law Spoilage of Evidence, Intentional Interference with right of access to Court, Intentional Inflinction of Emotional Distress, et al.

H. Pending

# LAWSUITS

A. Goings v. Baldwin, Lang, Clay, et al., 19-CV-05552

B. 2019

C. Fredrick Goings

D. John Baldwin, Lt. Lang, Brand T. Clay, William Pork aka Terrell Pork, Warden Walter Nicholson, Lt. Gray, Asst. Warden Lamb Mr. Williams, Major Lake, Sgt. Botan, CIO Machowiah, CIO Jarosz, CIO Bubash, Lt. Warden, CIO Gurroya, CIO Kozial, CIO Abott, Lt. Sykes, CIO J. Sexton, CIO Garcia, Sgt. Hamilton, Lt. Jacob, Counselor Les, Latoya Marks, Ambrosio Vegara, Lt. Brown, Rob Jeffreys

E. Northern District of Illinois

F. Marvin E. Aspen, U.S. District Judge
   Magistrate Judge Sheila M. Finnegan

G. Assault and Battery, Excessive Force, Defamation, IIED, theft/wrongful conversion, harassment, deliberate indifference, due process claim, First Amendment Retaliation, Interference with right of access to Court, Civil Conspiracy, Campaign of harassment.

H. Pending

DIO

# LAWSUITS

A. Goings v. Baldwin, et al., 19-CV-03102

B. **2019**

C. Fredrick Goings

D. Warden Randy PFister, CIO A. Flanagan, Sgt. Fox, Lt. Jenkins, CIO Justin Peters, Lt. Sykes, Lt. Best, CIO White, CIO Carswell, CIO Holman, CIO Gonzalez, Placement Officer Rabideau, Lt. Rahim, Mr. Scott, Demetria C. Johnson, Christopher Collaso, Sgt. Sullivan, Mr. John Baldwin, Ms. Russell, CIO Lieby, Ms. Jefferson, Sgt. Warr, A. Vegara, B. Carnahan, Zemoria T. Jefferson, Othello L. Hamilton, Ms. Debra Conners-Johnson

E. Northern District Court

F. Judge Marvin E. Aspen

G. Deliberate indifference, Due Process Claim, Campaign of Harassment, State Law Spoilage of Evidence, Intentional Infliction of Emotional-Distress, Invasion of Privacy, defamation, et al..

H. Pending

)41

**IV.**   **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. On July 12, 2018, Plaintiff Fredrick Goings, while he was "handcuffed" to the back and "Shackeled" by the legs with restraints was assaulted and battered by Correctional Officers Patrick D. Jones (#9666), Henry R. Wimp (#11369), and C/O Craig Gunder when they all dragged Plaintiff by his lower extremities down a flight of stairs in the X-Cellhouse Segregation Unit at Stateville Correctional Center.

2. The malicious attack on Plaintiff by C/O's Jones, Wimp and Gunder was unprovoked by Plaintiff and resulted in Plaintiff's head striking against multiple stairs.

3. Correctional Officer's Jones, Wimp and Gunder utilized extreme force and rammed Plaintiff's head into the Stairwell wall, all while Plaintiff was handcuffed to the back and shackled by the legs and already injured and impaired from his head striking multiple stairs moments earlier.

4. Prior to and during the attack on Plaintiff, Plaintiff had not violated any rules or prison policies which would justify the brutal use of force.

Revised 9/2007

012

5. Prior to Plaintiff being dragged down the stairs and having his head strike against multiple stairs and ultimately rammed against the stair well wall, C/O Jones and C/O Wimp took turns continually jerking the "D-lead" chain which they had attached to Plaintiff's hand cuffs and caused injuries to both of Plaintiff's wrist and shoulders.

6. There was a video camera in the stair well which recorded the entire attack on Plaintiff which was carried out by C/O Jones, C/O Wimp and C/O Gunder.

7. The video footage from the stair well in X-House shows C/O Jones, C/O Wimp and C/O Gunder all assaulting and battering Plaintiff.

8. The video footage from the stair well in X-House shows C/O's Jones, Wimp and Gunder all dragging Plaintiff down the stairs by his legs which were restrained in "leg shackels".

9. Plaintiff was seen by medical staff at Stateville on July 12, 2018, subsequent to the attack on Plaintiff by C/O Jones, C/O Wimp and C/O Gunder.

10. Stateville Correctional Center Medical Director Doctor Christian O'kedzie ordered X-rays to Plaintiff's skull, neck and spine because of the stairwell attack.

Revised 9/2007

11. On July 12, 2018, Plaintiff sustained bruising, abrasions, wounds, scraps, and injuries to both wrist because CIO Jones, clamped the hand cuffs too tight prior to him and CIO Wimp taking turns and jerking the D-lead chain multiple times

12. On July 12, 2018, Dr. Christian Okedzie prescribed Plaintiff pain medication, bacitracin and bandages for the wounds and injuries caused by CIO Jones, CIO Wimp and CIO Gunder, and Dr. Okedzie indicated followup appointments would be necessary to properly treat all the injuries.

13. CIO Jones, CIO Wimp and CIO Gunder attacked Plaintiff and retaliated against Plaintiff because Plaintiff filed grievances and multiple legal claims (i.e § 1983 lawsuits) against Illinois Department of Corrections Officers and other staff.

14. CIO Wimp told Plaintiff in a loud, intimidating and threatening voice, " Goings your going to keep having issues with staff as long as you file grievances and lawsuits".

15. CIO Wimp made the loud, intimidating and threatening comment in the paragraph above [14], while in the presence of CIO Jones, CIO Gunder and Plaintiff.

16. C/O Jones stated to Plaintiff in a loud, intimidating and threatening voice, "Goings, your grievances and law suits are going no where, we are in control and intercept and read everything you write, you may as well stop".

17. C/O Jones made the loud, intimidating and threatening statement in the presence of C/O Wimp, C/O Gunder and Plaintiff.

18. In an attempt to cover up the attack on Plaintiff by C/O Jones, C/O Wimp and C/O Gunder, C/O Patrick D. Jones made false statements against Plaintiff and wrote and issued a baseless disciplinary ticket # 201801631/1-STA, accusing Plaintiff of the following IDOC offenses:

| Offense Alleged | Violation |
|---|---|
| 102(a) | Assault with Injury |
| | Comments: bumped C/O with shoulder |
| | Causing pain |
| 206 | Intimidation or Threats |
| 215 | Disobeying a Direct Order |
| | Essential to Safety & Security |
| 304 | Insolence |

19. Plaintiff was subjected to 1 year segregation, 1 year C-Grade, 1 Year Commissary Restriction, 6 Months Contact Visits Restriction, Disciplinary Transfer, Revocation GCC or SGT 1 year because of -

CIO Jones baseless and defamatory publications.

20. Plaintiff was subjected to "A-typical Hardship" and "A-typical Confinement" because of the disciplinary report and false accusations by CIO Jones, CIO Wimp and CIO Gunder. The July 12, 2018 attack set in motion the "A-typical Hardship" and "A-typical Confinement".

21. CIO Jones, CIO Wimp, and CIO Gunder retaliated against Plaintiff because Plaintiff filed grievances and because Plaintiff filed multiple legal claims against Illinois Department of Corrections, Stateville, Menard and Pontiac staff.

22. CIO Jones, CIO Wimp, and CIO Gunder acted in furtherance of a plan, scheme, agreement and ongoing plot to harass and retaliate against Plaintiff, in order to keep Plaintiff in segregation unable to communicate with Plaintiff's family, friends, colleagues, attorneys, witnesses, spiritual advisors or outside parties beyond the prison walls and gates, to ultimately cause Plaintiff psychological harm and to impair Plaintiff's ability to prevail in Plaintiff's Civil Rights lawsuits, Administrative Complaints, and other Civil Claims against prison officials.

23. After Plaintiff was dragged down the stairs while handcuffed to the back and restrained by the legs with ankle chains causing Plaintiff's head to strike against multiple stairs and ultimately having his head rammed into the stairwell wall at least two-times by Jones, Wimp and Gunder, Plaintiff was forced to a holding cell on the ground floor

of X-Cell House, and Plaintiff immediately blacked out and fell to the floor, thereby being further injured in his head, neck, back, and shoulder and arms.

24. Days subsequent to the July 12, 2018, attack by CIO Jones, CIO Wimp and CIO Gunder, CIO Wimp in an attempt to cover it up made false statements against Plaintiff and wrote and issued a baseless ticket # 201801652/1-STA on or about July 15, 2018, accusing Plaintiff of a violation of a IDOC offense 206 Intimidation or Threat, steming from the incident on July 12, 2018.

25. Plaintiff was subjected to 3-months segregation, Commissary restriction, Contact visit restriction, C-Grade and loss of other general population privileges because of CIO Wimp false and baseless defamatory publications.

26. The acts, conduct and ommissions by Defendants have been ongoing, repetitive, continuous, recurring, and targeted.

27. Because of the acts of the defendants, Plaintiff suffered from and still suffers from headaches, heavy feelings of pain in his chest, unsettled feelings in his stomach, debilitating pain in his temporal frontal lob region, emotional turmoil, stress, anxiety, nervousness, confusion, and memory loss. Which are all symptoms of severe emotional distress.

## LEGAL CLAIMS

As a preliminary matter, Plaintiff realleges each and every fact and paragraph of this complaint as if fully restated herein.

Count 1: State Law Assault claim against C/O Jones, C/O Wimp, and C/O Gunder in connection with their conduct on July 12, 2018, when they placed Plaintiff in apprehension of receiving an imminent battery when they all lunged in Plaintiff's direction right before they dragged Plaintiff down the stairs while Plaintiff was handcuffed to the back with his legs restrained with ankle chains

Count 2: State Law Battery claim against C/O Jones, C/O Wimp, and C/O Gunder in connection with their conduct on July 12, 2018, when they dragged Plaintiff down the stairs by his lower body while Plaintiff was handcuffed to the back with his legs restrained with ankle chains, causing Plaintiff's head to strike multiple stairs right before Jones, Wimp and Gunder rammed Plaintiff's head into the stair well wall at least twice.

Count 3: Excessive Force claim which constitutes cruel and unusual punishment against C/O Jones, C/O Wimp and C/O Gunder in connection with their actions on July 12, 2018, when they dragged Plaintiff down the stairs while handcuffed to the back with his legs restrained with ankle-chains. The conduct of C/O Jones, C/O Wimp, and C/O Gunder was wanton, unnecessary and maliciously and sadistically carried. The contemporary standard of decency of a civilized society was carried out

Plaintiff suffered mental and physical injuries because of the Defendants attack. The Defendants caused Plaintiff's head to strike against multiple stairs right before CIO Jones, CIO Wimp and CIO Gunder rammed Plaintiff's head into the stair well wall at least two-times.

Count 4: Violation of ILL. Admin. Code Tit. 20, § 501.30 against CIO Jones, CIO Wimp and CIO Gunder for inflicting corporal punishment on Plaintiff, when they dragged Plaintiff down the stairs while Plaintiff was handcuffed to the back and his legs were restrained with ankle-chains. § 501.30 prohibits the use of corporal punishment § 501.30 provides that a) force shall be employed only as a last resort; b) use of force shall be terminated as soon as force is no longer necessary; c) medical screening and/or care shall be conducted following any use of force which results in bodily injury; and d) corporal punishment is prohibited. In the case at bar, Plaintiff is clearly a member of the class (i.e. prison population) for whose benefit § 501.30 was enacted. This cause of action is consistent with the underlying purpose of the Admin. Code § 501.30. The Defendants caused Plaintiff's head to strike against multiple stairs and ultimately rammed Plaintiff's head against the stair well wall at least twice causing significant injuries. Plaintiff's injuries are the type § 501.30 was designed to prevent. The cause of action is necessary to provide an adequate remedy for violation of the Admin. Code Section, and to prevent further and repetitive acts of corporal punishment by prison officials.

Count 5: State law defamation claim against CIO Jones, CIO Wimp and CIO Gunder in connection with the false publications made against Plaintiff. The false and misleading statements in the disciplinary reports and the incident reports authored by CIO Jones, CIO Wimp and CIO Gunder surround the incident of July 12, 2018, when Plaintiff was attacked by the three defendants in the X-Cell House stairwell. The defamatory publications were circulated throughout the prison (i.e. administration and prison population) and resulted in Plaintiff loosing a million dollar lawsuit, loss of property (i.e. medical and mental health files and legal files, clothing, and shoes), and ultimately be confined in segregation for more than 18-months and counting, and loss to reputation, as Plaintiff is a member of the Illinois Bar, and has been a member of the State Bar since April 6, 2005, although currently suspended pending reversal of a wrongful conviction in Cook County.

Count 6: False imprisonment claim against CIO Jones, CIO Wimp and CIO Gunder for their false disciplinary report which caused Plaintiff to spend ultimately more than 18-months and counting in segregation. The segregation lengthened Plaintiff's prison sentence because it impaired Plaintiff's ability to communicate with counsel of his choice and witnesses in support of his Constitutional claims for his freedom. And resulted in his Supreme Court and Circuit Court documents being stolen and tampered with by prison staff.

Count 7: Intentional infliction of emotional distress against all Defendants. In this case, the conduct of all the Defendants caused Plaintiff to feel a lot worse than humiliated, intimidated, and disgusted. The conduct was beyond the bounds of decency of a civilized society. In fact, it was cruel and unusual and barbaric and amounted to corporal punishment. When the Defendants Jones, Wimp and Gunder failed to secure Plaintiff's head when they dragged Plaintiff down the stairs while Plaintiff was handcuffed to the back and Plaintiff's legs were restrained with ankle-chains, the Defendants intended to cause Plaintiff significant injuries including severe emotional distress. Moreover, Plaintiff did suffer severe emotional distress as is evident from the headaches, heavy feelings of pain in the chest, unsettled feelings in his stomach, debilitating pain in his temporal frontal lob region, emotional trauma and turmoil, anxiety, nervousness, impaired speech, confusion, fatigue, forgetfulness, problems concentrating, tense muscle and irritability, all of which compounded subsequent to the attack on Plaintiff on July 12, 2018. John Baldwin was notified by letters on a few occassions prior to the July 12, 2018, attack, of the ongoi and repetitive targeting of Plaintiff and abuse inflicted on Plainti by Stateville Correctional Staff.

Count 8: First Amendment Retaliation Claim against CIO Jones, CIO Wimp and CIO Gunder in connection with their conduct, and acts, which by their own words and/or acquiesence, each are individually and collectively guilty of targeting Plaintiff because Plaintiff filed grievances and complaints against Stateville staff and against-

IDOC officials. Infact, CIO Wimp told Plaintiff, "Goings your going to keep having issues with staff as long as you file grievances and law suits." And CIO Jones stated to Plaintiff in the presence of his co-defendants CIO Wimp and CIO Gunder, "[your] grievances and law suits are going no where, we are in control and read everything you write, you may as well stop." CIO Jones also told Plaintiff while in the presence of CIO Wimp and CIO Gunder that he (CIO Jones) would beat Plaintiff ass if Plaintiff filed a grievance or lawsuit against him.

Count: 9 Battery Claim against CIO's Jones and Wimp for repeatedly jerking D-lead

## Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in favor of Plaintiff granting the following relief.

1. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

2. An order requiring Defendants to behave with civility and to instruct their agents acting on their behalf to immediately cease and desist any conduct that targets, harasses or is designed to harm, insult, ridicule, humiliate, threaten, or kill Plaintiff or his family

2

3 An order requiring the Defendants to stop using agents acting on their behalf (i.e. correction staff and medical and civil service workers at other prisons, or prisoners) to set up Plaintiff, harass Plaintiff or his family, to attempt to kill Plaintiff, and or cause harm to Plaintiff or Plaintiff's family, or retaliate against Plaintiff or Plaintiff's family

4. An order requiring the Defendants to issue retractions and corrections to the defamatory publications, and to further expunge all disciplinary tickets issued to Plaintiff in which there was a determination of guilt between February 1, 2017 thru August 8, 2018, and all other disciplinary history from grievant's master-file to be deleted, expunged and/or destroyed.

5. An order requiring defendants to preserve all evidence in the form of records, documents, memorandum, witnesses-statements (whether oral, written, video or audio recorded relevant to any of the facts, counts or assertions in this lawsuit or seperate but related lawsu and administrative claims including any and all complaints and grievanc concerning Plaintiff while in the custody of the Illinois Department of Corrections and Stateville.

6. Nominal and Compensatory (Monetary damages) in excess of 1 million dollars against all defendants, jointly and severally

7 An order requiring Plaintiff to be transferred to minimum federal prison or non-traditional confinement other than IDOC until such time Plaintiff is released

8. An order enjoining Plaintiff from ever being housed or confined at Menard Correctional Center, Stateville Correctional Center, Pontiac Correctional Center, or at any prison facility within IDOC's jurisdiction

9. An order for recruitment and appointment of Counsel and reasonable attorney's fees for Court recruited and appointed Counsel, and Plaintiff's Cost and expenses associated with this lawsuit (i.e. clerk of court filing fees, cost of copies, postage and pen, paper, envelopes etc.)

10. Punitive monetary damages in excess of 1 million dollars, against each defendant jointly and severally.

11. An order requiring Defendants to immediately release Plaintiff from segregation and to stop issuing Plaintiff baseless retaliatory disciplinary tickets.

12. An order requiring Defendants to return all Plaintiff's property - personal and legal that is being wrongfully withheld from him by Stateville Correctional Staff, and an order further preventing the Defendants and their agents from blocking, restricting or interfering with Plaintiff's visits, phone access, legal correspondences and Communications with Plaintiff's family, friends, Counsel and spiritual advisors.

13. An order precluding Defendants or agents acting on their behalf from tampering with Plaintiff's legal, privileged mail and Court documents, and further preventing any forging documents in a handwriting mimicking Plaintiff's.

4

14. An order requiring the Illinois Department of Corrections Investigative Unit in Springfield and/or the Department of Justice and/or the Governor of Illinois' Office to meet with Plaintiff for the purpose of stopping the continuous unlawful acts perpetuated by Defendants.

15. Jury trial on all issues.

16. Any additional relief that this Honorable Court deems just and equitable.

Respectfully,

12-9-19

Fredrick Goings, M36022
Plaintiff
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V.    Relief:  See Bates Stamp #'s

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

_____

_____

_____

_____

_____

_____

VI.    The plaintiff demands that the case be tried by a jury.  ☑ YES    ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___9th___ day of _December_, 20_19_

_____
(Signature of plaintiff or plaintiffs)

Mr. Fredrick Goings
(Print name)

M36022
(I.D. Number)

Pontiac Correctional Center

P.O. Box 99

Pontiac, IL 61764
(Address)

This Amended Complaint is being filed with the express understanding that Plaintiff reserves his right to appeal the Court Order requiring Plaintiff to file seperate lawsuits for alleged misjoined claims and any other adverse orders which challenge and/or disagree with Plaintiff's Pleadings. See Document 5.

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREDRICK GOINGS, M36022 )
         Plaintiff )  Judge Marvin E. Aspen
         VS. )  Magistrate Judge Mary M. Rowland
Patrick Jones, Henry Wimp, )  1:19-CV-04745
Craig Gunder, John Baldwin )
         Defendants. )
 )
 )

## CERTIFICATE OF SERVICE

Please take notice that on __12-9__, 2019, the Plaintiff placed in the prison mail the attached amended Complaint which consist of Bates Stamp #'s __001-028__, together with a request that the documents be scanned and emailed (E-Filed) on December 10, 2019, which will send notice to the parties entitled to notice.

Respectfully,

_____  12-9-19
Fredrick Goings, M36022
Pontiac Correctional Center
         P.O. Box 99
Pontiac, IL  61764

The Plaintiff is advising that additional
Law Suits will be filed as soon as Plaintiff
obtains sufficient paper, pens, and complaint and
In Forma Pauperis Forms.

PRISONER CORRESPONDENCE FORM

Please fill out and return this form along with any other pleading you wish to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

**PLEASE PRINT**

1.   Name: Fredrick     D     Goings

   (First)          (Middle)          (Last)

   List Alias Names, if any:  N/A

2.   Any Current/Prior
   Prison ID Number(s):  M36022

   Name of Prison(s):  Pontiac Correctional Center

3.   Jail ID Number(s):  N/A

   Name of Jail(s):  N/A

4.   Date of Birth:  January 24, 1973

5.   Home Address (Do not use P.O. Box):

   Street Name and Number:  10026 S. Eberhart Ave.

   City, State and Zip Code:  Chicago, IL 60628