IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fredrick Goings (#M-36022), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 4745 |
| | ) | |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| C/O Gunder, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Fredrick Goings, a state prisoner, alleges Defendants Gunder, Wimp, and Jones retaliated against him for filing grievances and lawsuits and subjected him to excessive force while he was housed at Stateville Correctional Center in July of 2018. Plaintiff's complaint also alleges state law claims of assault, battery, and intentional infliction of emotional distress. Before the Court is Defendants' motion for summary judgment arguing that Plaintiff's claims are barred by the Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), his excessive force claim fails based on the evidence in the record, and his state law claims fail due to sovereign immunity. (Dkt. 79), to which Plaintiff has responded (Dkts. 106, 107, and 108).[1] For the reasons stated below, Defendants' motion (Dkt. 79) is granted in part and denied in part.

**I. Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] Plaintiff's prior submitted response materials (Dkts. 99, 100, and 101) appear to be identical to Dkts. 106, 107, 108, however, the copies submitted had pages and responses that were cut off. Defendants raised this issue in their reply brief, urging the Court to strike the response materials. Because Plaintiff timely submitted corrected response materials that contain complete answers the Court will consider those materials (Dkts 106, 107, and 108) in resolving this motion.

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## II.  Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court.  The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information, in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.)  Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d).  LR 56.1(a).  Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it.  The court may disregard any asserted fact that is not supported with such a citation."  LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e).  In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact.  Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."  LR 56.1(e)(3).  "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003).  The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)."  LR 56.1(b)(3).  Material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.  *Smith*, 321 F.3d at 683.  A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1.  *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

3

Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 80.) Consistent with the local rules, Defendants also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 81.)

In response, Plaintiff submitted a response to Defendants' L.R. 56.1 statement of uncontested facts (Dkt. 106), a response to the motion for summary judgment (Dkt. 107) and a memorandum of law (Dkt. 108.) Where the parties' statements are properly supported by the cited materials and are not otherwise disputed by the evidence raised by the opposing party, the Court considers those statements as undisputed. *See* LR 56.1(e)(3). Plaintiff admitted several of Defendants' uncontested statements of fact, including Statements of fact 5, 10, 13-15, 17, and 19-28. Those statements are deemed admitted. In addition, Plaintiff failed to respond at all to Defendants' statements of fact 7-9. Further, Plaintiff did not cite to the record in support of his responses to Defendants' uncontested facts 11, 12, and 16. Thus, statements of fact 5, 7-17, and 19-28 are deemed admitted.

In addition, Plaintiff's response to statement of fact 6 is inappropriate. Defendants' statement of facts 6 states: "At all times relevant to Plaintiff's SAC (second amended complaint) Plaintiff was an inmate in IDOC custody." (Dkt. 80.) Plaintiff responded, disputing the statement, and stating that the statement of undisputed fact was a "mischaracterization of the record." (Dkt. 106.) Plaintiff's deposition testimony, his complaint, and the IDOC's website all support a finding that Plaintiff was incarcerated during all relevant time periods contemplated in Plaintiff's complaint, and that he has been incarcerated in the IDOC since April 5, 2013. Plaintiff's response is argumentative, at best. The Court, however, need not consider factual assertions that conflict with prior, sworn testimony, as well as hearsay statements, legal arguments and conclusions set

4

forth as "facts," any declaration that speculates as to other people's mindsets, and statements concerning matters about which only an expert could properly testify. *See Jones v. DeJoy*, No. 18 CV 1213, 2020 U.S. Dist. LEXIS 213569, 2020 WL 6716218, at *1-2 (N.D. Ill. Nov. 16, 2020) (striking offending portions of Rule 56.1 statements that were "riddled with argument, unsupported assertions, and in some cases factual allegations beyond those set forth in the paragraph to which [plaintiff] was responding"); *Campbell v. City of Chi.*, No. 16 CV 6000, 2018 U.S. Dist. LEXIS 166119, 2018 WL 4637377, at *1 (N.D. Ill. Sep. 27, 2018) ("Purely argumentative denials, legal conclusions, and unsupported general denials do not belong in Local Rule 56.1 statements.").

Likewise, Plaintiff's response to proposed statement of fact 18, unnecessarily quibbles with the record which supports the statement of fact. As such, as to statement 18, Plaintiff has not properly controverted the alleged statement of fact. *Guy v. Lara*, Case No. 98 C 3741, 2000 U.S. Dist. LEXIS 13590, *14 (N.D. Ill. September 11, 2000) (Guzman, J.); *see also Parra v. Neal,* 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.,* 589 F.3d 389, 393 (7th Cir. 2009).

With the above discussion in mind, the facts below are taken from the Defendants' Local Rule 56.1 statements of material facts, Plaintiff's response to the motion, and any arguments made in Defendants' reply brief. (Dkt. 104.) The Court has carefully examined each response submitted by the parties for relevancy, evidentiary support, and admissibility in construing the facts of this case and gives deference to Plaintiff's version of the facts where they are properly presented and supported by admissible evidence. The Court will not consider purely legal arguments, responses lacking evidentiary support, or responses that are inconsistent with deposition testimony.

**III. Facts**

Fredrick Goings ("Plaintiff") is an inmate incarcerated within the Illinois Department of Corrections ("IDOC"). (Def. SOF, Dkt. 80, ¶ 1). Patrick Jones, Henry Wimp, and Craig Gunder are employed by IDOC as corrections officers. (*Id*. at ¶ 2).

Plaintiff entered IDOC custody on April 5, 2013, and at all times relevant to Plaintiff's the claims made in Plaintiff's second amended complaint, Plaintiff was an inmate in IDOC custody. (*Id*. at ¶¶ 5 and 6). At all relevant times, Defendant Gunder was employed by the State of Illinois as a correctional officer within the Illinois Department of corrections and was working within his official capacity as an IDOC correctional officer. (*Id*. at ¶ 7). At all relevant times, Defendant Wimp was employed by the State of Illinois as a correctional officer within the Illinois Department of corrections and was working within his official capacity as an IDOC correctional officer. (*Id*. at ¶ 8). At all relevant times, Defendant Jones was employed by the State of Illinois as a correctional officer within the Illinois Department of corrections and was working within his official capacity as an IDOC correctional officer. (*Id*. at ¶ 9).

On July 12, 2018, Plaintiff was housed at Stateville Correctional Center ("Stateville"). (*Id*. at ¶ 10). Prior to July 12, 2018, Plaintiff had minimal, mostly "positive" interactions with Officers Gunder and Wimp. (*Id*. at ¶ 11). Prior to July 12, 2018, Plaintiff had minimal interactions with Officer Jones; although he claims that Officer Jones used to mutter under his breath at Plaintiff, Plaintiff otherwise had no negative or atypical interactions with Officer Jones. (*Id*. at ¶ 12). At no point did Defendants punch, kick, or choke Plaintiff. (*Id*. at ¶ 13).

On July 12, 2018, Plaintiff had an interaction with Defendants that resulted in a disciplinary hearing before the Adjustment Committee on July 17, 2018. (*Id*. at ¶ 14). The Adjustment Committee found Plaintiff guilty of assault with injury of a corrections officer, intimidation or threats, disobeying a direct order essential to safety and insolence. (*Id*. at ¶ 15). The Adjustment

6

Committee found that in the stairwell, Plaintiff "refuses several orders to stand up and walk." (*Id*. at ¶ 16). Defendants instructed Plaintiff to walk in the stairwell. (*Id*. at ¶ 17).

As a result of the Adjustment Committee's findings, Plaintiff was disciplined, including 1 year in segregation, a disciplinary transfer, and loss of good time. (*Id*. at ¶ 18). After the incident of July 12, 2018, Plaintiff was transferred to Menard Correctional Center (*Id*. at ¶ 19). The discipline from July 17, 2018, has not been expunged from Plaintiff's record. (*Id*. at ¶ 20).

Plaintiff has no medical training. (*Id*. at ¶ 21). After the incident of July 12, 2018, Plaintiff was seen by medical professionals at IDOC. (*Id*. at ¶ 22). After the incident, Plaintiff was able to walk on his own without any assistance. (*Id*. at ¶ 23). As a result of the July 12, 2018, incident, Plaintiff did not break any bones. (*Id*. at ¶ 24).

There is video evidence of the July 12, 2018, on the stairwell. (*Id*. at ¶ 25). Plaintiff was shown this video in discovery and testified during his deposition that it was a "good summary of what occurred in the stairwell on July 12th of 2018." (*Id*. at ¶ 26). Defendants were in uniform and on duty during the incident of July 12, 2018. (*Id*. at ¶ 27). On July 12, 2018, Plaintiff was wearing his beige segregation uniform, issued by IDOC. (*Id*. at ¶ 28).

IV. Analysis

Given these facts, Defendants move for summary judgment arguing that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), his claim of excessive force is not supported by the record, and his state law claims are barred by sovereign immunity.

A. **Questions of Fact Remain as to Whether Defendants used Excessive Force**

The Court first addresses Defendants' arguments that the record establishes no genuine issues of material fact relating to Plaintiff's allegation of excessive force. . "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010), quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). "[T]he core judicial

7

inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7; *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (a correctional officer may not apply force "maliciously and sadistically to cause harm").

Defendants' primary exhibit seeking to support their argument is a digital exhibit, forty-eight seconds in length, purporting to establish that the force complained of was reasonable. However, the video shows, much as Plaintiff alleges in his complaint, that he was taken to the floor after bumping into one of the officers, and then, while he was handcuffed, the two correctional officers ( identified in Defendants' motion for summary judgment, generally as Defendants Jones and Wimp) picked him up by his feet and dragged him down the stairs, allowing his head to hit each step as he was dragged down the stairs.  As such, the Court cannot make a finding that a jury could not find that Defendants' use of force was applied in a good-faith effort to maintain or restore discipline, and not maliciously intended to cause harm.  Because questions of fact remain as to the use of force claim in this case, the motion for summary judgment is denied as to that claim.

      **B.**    **Retaliation and *Heck***

Defendants next argue that Plaintiff's claims of retaliation and excessive force are barred by the holding in  *Heck v. Humphrey*, 512 U.S. 477 (1994).  A prisoner cannot bring a civil rights claim for damages based on an allegedly unconstitutional sentence or conviction until the conviction has first been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A prison disciplinary action that results in the revocation of good-time credits is the equivalent of a conviction or sentence for *Heck* purposes. *See generally Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* analysis to accrual of claim concerning loss of good-time credits). Claims

8

that necessarily imply the invalidity of the loss of good-time credits are not cognizable under Section 1983 until the prison disciplinary decision has been invalidated. *Id*. at 648.

The record indicates that Plaintiff was convicted by the adjustment committee on July 17, 2018, of assault with injury, intimidation or threat, disobeying a direct order, and insolence. (Dkt. 80, ¶ 18.) His sentence included, among other restrictions, a revocation of one year of good conduct credits. (*Id*.) To date, Plaintiff's July 17, 2018, conviction stands, and has not been overturned. (*Id*. at ¶ 20.)

Plaintiff alleges that the conviction and subsequent sentence was the product of retaliation by Defendants for filing grievances and lawsuits in the form of a false disciplinary ticket, leading to the July 17, 2018, conviction and sentence. A retaliation claim predicated on an allegedly false disciplinary ticket that resulted in punishment including a revocation of good conduct time may be barred by the doctrine set forth in *Heck*, 512 U.S. 477. *See also Edwards*, 520 U.S. at 646-648 (extending *Heck* rule to damage claims arising from prison disciplinary actions). *Edwards* and *Heck* prevent a prisoner from maintaining a civil rights lawsuit for damages if a judgment in favor of the prisoner would necessarily imply that he was wrongly disciplined with a loss of good time — unless the inmate has first obtained an order or judgment invalidating the good-time revocation. *See Antoine v. Ramos*, No. 11-1807, 497 Fed. Appx. 631, 634-635 (7th Cir. Dec. 5, 2012)(*citing Edwards*, 520 U.S. at 647-648; *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011)). That is the case here. Plaintiff's retaliation claim directly challenges the validity of the charges against him on the basis that Defendants lied, and Plaintiff is innocent.

Plaintiff argues in his response brief that because he is serving a life sentence, *Heck* does not apply. However, courts in the Seventh Circuit have held in similar cases that even when a prisoner is serving a life sentence, *Heck* bars recovery in cases in which plaintiffs have been

9

convicted in the prison discipline context and lost good conduct credits as part of their sentence. *See Moore v. Taylor*, Case No. 12 C 1056-JPG, 2013 U.S. Dist. LEXIS 5522, **5-6 (S.D. Ill., January 15, 2013); and *see Reid v. Bundren*, Case No. 13 C 51-JPG, 2013 U.S. Dist. LEXIS 17068, fn. 2 (S.D. Ill., February 8, 2013). Accordingly, based on the record, the Court finds that Plaintiff's retaliation claim related to the alleged fabricated disciplinary report is barred by *Heck*, and as to that part of the retaliation claim, Defendants' motion for summary judgment is granted and the retaliation claim as it relates to the discipline Plaintiff received on July 17, 2018, is dismissed without prejudice.

However, to the extent Defendants argue that Plaintiff's allegation of retaliation relating to the excessive force is somehow barred by *Heck*, the record is completely undeveloped, and the Court cannot find that Plaintiff's allegation that the excessive force was in retaliation for his protected First Amendment activities (filing grievances and lawsuits) is barred by *Heck*. Accordingly, questions of fact remain as to whether Defendants retaliated against Plaintiff by employing excessive force as punishment for filing grievances and lawsuits.

### C. Sovereign Immunity

Defendants' final argument is that Plaintiff's state law claims of assault, battery, and intentional infliction of emotional distress are barred by sovereign immunity. The argument is a non-starter. A state law claim is barred by sovereign immunity only if, among other things, "the duty alleged to have been breached was not owed to the public generally independent ... of State employment." *Jinkins v. Lee*, 209 Ill. 2d 320, 807 N.E.2d 411, 418, 282 Ill. Dec. 787 (Ill. 2004) (citation and internal quotation marks omitted). For the reasons ably set forth in *Cruz v. Cross*, 2010 U.S. Dist. LEXIS 94457, 2010 WL 3655992, at *4 (N.D. Ill. Sept. 10, 2010), the duty to not commit an assault or a battery arises independently of state employment, which means that

10

sovereign immunity does not defeat Plaintiff's assault and battery claims. See 2010 U.S. Dist. LEXIS 94457, [WL] at *4 ("To the extent that these claims involve a duty, it is a duty that all people owe to all other members of the general public. Consequently, any liability [defendants] may have for assault and battery arises independently of [their] State employment."); *Edmonds v. Carter*, 2000 U.S. Dist. LEXIS 682, 2000 WL 88839, at *4 n.5 (N.D. Ill. Jan. 21, 2000) ("the duty not to commit assault and battery is a general duty imposed upon all persons and does not arise by virtue of defendant's state employment.").

The same rationale applies with respect to Plaintiff's state law claim of intentional infliction of emotional distress. Sovereign immunity affords no protection when it is alleged that the defendant acted with malice. *See Welch v. Ill. Supreme Court*, 322 Ill. App. 3d 345, 751 N.E.2d 1187, 1197, 256 Ill. Dec. 350 (2001). "Malice" in this context means "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstance that the law will imply an evil intent." *Management Ass'n v. Board of Regents*, 248 Ill. App. 3d 599, 618 N.E.2d 694, 705, 188 Ill. Dec. 124 (1993). Further, the "doctrine of sovereign immunity affords no protection when it is alleged that the State's agent acted in violation of statutory or constitutional law or in excess of his authority" *Leetaru v. Bd. of Trustees of Univ. of Illinois*, 2015 IL 117485, 392 Ill. Dec. 275, 32 N.E.3d 583, 596 (Ill. 2015). *Accord Murphy v. Smith*, 844 F.3d 653, 658-659 (7th Cir. 2016); *see also Hardy v. Butler,* 2020 U.S. Dist. LEXIS 30821 **20-21 (S.D. Ill., February 21, 2020) (Sison, Magistrate J.) Based on the governing law, and the fact that the Court has determined that questions of fact remain as to whether Defendants retaliated against Plaintiff for filing grievances and lawsuits by subjecting him to excessive force, the Court finds that the doctrine of sovereign immunity does not apply to Plaintiff's state law claims of assault, battery, and intentional infliction of emotional distress, and with respect to this argument,

11

Defendants' motion for summary judgment is denied.

## V. Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment [79] only with respect to Plaintiff's claim that Defendants retaliated against him by submitting a false disciplinary report, resulting in a conviction by the adjustment committee and a sentence including, among other things, loss of good conduct credit. The motion [79] is denied in all other respects. Plaintiff's claims of excessive force, and retaliation (in the form of excessive force) survive the motion for summary judgment. The status hearing set for July 28, 2022, is stricken and reset to August 18, 2022, at 10:30 a.m. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 13, 2022